IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL E. HOPSON                                                                             PLAINTIFF

v.                              CIVIL NO. 10-2080

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael E. Hopson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g). Plaintiff moves to supplement the record with additional medical evidence and to have his case remanded to the Commissioner for consideration of this evidence. (Doc. 11). Defendant opposes the supplementation of the record. (Doc. 13).

**I.**     **Procedural Background:**

Plaintiff protectively filed his current application for SSI on May 8, 2007, alleging an inability to work since January 1, 2005, due to chest pain, numbness in both legs and right side; low back pain; and functional illiteracy. (Tr. 99-101, 162). An administrative hearing was held on October 30, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 42-76).

By written decision dated April 17, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 84). Specifically, the ALJ found Plaintiff had the following severe impairments: lumbosacral strain and paresthesias of the right side, legs and wrists. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 84). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) in that the claimant can occasionally lift or carry 20 pounds and frequently lift or carry 10 pounds. He can sit for six hours during and (sic) eight-hour workday and stand and walk for six hours during an eight-hour workday. The claimant can frequently handle and finger. He can perform unskilled work.

(Tr. 85). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a laundry worker, a shirt presser, and a sorter/grader.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 28, 2010. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs. (Docs. 9, 10).

**II.   Evidence Presented:**

The medical evidence Plaintiff moves to supplement the record with is a March 30, 2011 consultative mental diagnostic and intellectual evaluation performed by Patricia J. Walz, PhD.[1]

---

[1] This consultative evaluation is related to a subsequent application for disability benefits filed by Plaintiff not currently before this Court.

(Doc. 12, Attachment 1). Dr. Walz noted that no records were sent to her for review. When asked why he applied for disability, Plaintiff stated "my joints." Plaintiff did report that feelings of depression came and went. Plaintiff reported he had not had a death wish or suicidal ideation since last year. Plaintiff giggled when he reported that he first felt suicidal when he was 47. Plaintiff reported that he heard voices quite often and that he had a poor memory. Plaintiff reported he had never sought mental health treatment because he did not have money or insurance. Plaintiff reported he quit school during his third attempt at seventh grade. Plaintiff reported that he knew how to read but that reading was hard. Plaintiff reported he had gotten along with his co-workers "to a point." Plaintiff reported he had problems with his temper now and tried not to "lose it" by walking away. Plaintiff reported that he did not sleep well and described his energy level as "not too good." After evaluating Plaintiff and reviewing test results including Plaintiff's Full Scale IQ of 63 on the Wechsler Adult Intelligence Scale, Dr. Walz opined that Plaintiff's intellectual functioning was in the mildly mentally retarded range.

**III. Discussion:**

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Woolf v. Shalala, 3 F.3d 1210 (8th Cir. 1993); Chandler v. Secretary of Health and Human Servs., 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." Woolf, 3 F.3d at 1215.

The evidence used as basis for remand did not exist on April 17, 2009, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse Plaintiff's failure to include these records in the administrative proceedings. Goad v. Shalala, 7 F.3d 1397, 1398 (8th Cir. 1993)(citations omitted).

Next, the Court considers the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991)(quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)); Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir.1984) ("medical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status").

In looking at this additional medical evidence, the Court notes that Plaintiff was found to have a Full Scale IQ of 63 which falls within the mildly mentally retarded range of intellectual functioning. See Hutsell v. Massanari, 259 F.3d 707, 709 n. 3 (8th Cir.2001) ("Borderline intellectual functioning is a condition defined as an IQ score within the 71-84 range while mental retardation is a score of about 70 or below." ); see also Diagnostic and Statistical Manual of Mental Disorders at 41-42 (4th ed. Text Revision 2000). It is also noteworthy that "a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in the claimant's intellectual functioning." Clay v. Barnhart, 417 F.3d 922, 929 (8th Cir. 2005)(quoting Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001)). After reviewing the entire record, we find that remand is appropriate for consideration of the additional medical evidence as it appears to indicate that Plaintiff's mental impairments impose limitations that were possibly more severe

AO72A
(Rev. 8/82)

during the time period in question than the evidence before the ALJ indicated. See <u>Geigle v. Sullivan</u>, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

**IV.     Conclusion:**

Based on the foregoing, the Court remand this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 9th day of June 2011.

/s/ *Erin L. Setser*
            HON. ERIN L. SETSER
            UNITED STATES MAGISTRATE JUDGE